**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESSE WAYNE MARLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1550-R** |
| | ) | |
| **BILLY COYLE, COYLE LAW FIRM,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner appearing pro se, has filed a complaint against a private attorney he retained to represent him in his federal criminal proceedings. Doc. 9.[1] He seeks relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* at 2. United States District Judge David L. Russell referred this case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Upon screening the complaint, the undersigned recommends the Court dismiss this action.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Plaintiff's background and claims.

In *United States v. Marler*, No. CR-23-357-PRW, (W.D. Okla. Aug. 16, 2023), Plaintiff pleaded guilty to drug conspiracy (Count 1) and being a felon in possession of a firearm (Count 6). *Id*. Docs. 69-71. United States District Judge Patrick R. Wyrick sentenced him to concurrent terms of 262 months' imprisonment for Count 1 and 180 months for Count 6. *Id*. Docs. 112, 114. Pending in that matter is Plaintiff's motion to vacate under 28 U.S.C. § 2255. *Id*. Doc. 127.

Plaintiff sues Billy Coyle of the Coyle Law Firm in his individual capacity. Doc. 9, at 2. Plaintiff complains Defendant Coyle was ineffective as his counsel. *Id*. at 4-5.

In Claim 1, he states Defendant Coyle had an "ethical conflict of interest" because he shared private information with Plaintiff's former employer without Plaintiff's consent. *Id*. at 6. He asserts Defendant Coyle violated Plaintiff's right to effective counsel by engaging in "fraud, malicious intent, ethical conflict of interest, [negligence], obstruction, evidence tampering, [and] witness tampering." *Id*. at 5. As relief, Plaintiff seeks "a retrial and a not guilty plea and pretrial release or home confinement to prepare for trial." *Id*. at 6.

In Claim 2, Plaintiff asserts Defendant Coyle was "planted to defend [his] trial" and that Defendant Coyle violated attorney/client privilege and engaged

in obstruction, witness and evidence tampering, criminal negligence, reckless endangerment, malicious intent, and coercion. *Id*. He explains he did not seek out Defendant Coyle as his counsel until one of Plaintiff's friends "[coerced him] to use him for [his] trial." *Id*. at 7. As relief, Plaintiff requests to "retract [his] guilty plea [and] file [a] not guilty [plea] or declare a [mistrial]." *Id*. He "also want[s] 21.8 million in damages and pain and suffering." *Id*.

In a supplement to his amended complaint, Plaintiff lists additional claims he seeks to raise against Defendant Coyle including, "conspiracy to defraud Fed Gov, withholding evidence, witness tampering, evidence tampering, obstruction, conspiracy, [and] fraud." Doc. 11. He supplies no explanation for this supplementation.[2]

## II. Screening.

This Court must screen complaints filed by prisoners seeking relief against a governmental entity or its officer or employee. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be

---

[2] In this same document, Plaintiff also seeks to amend his claims in Case No. CIV-26-1549-R, and another case with an unidentified case number. Doc. 11, at 1-2. The Court dismissed Plaintiff's claims in Case No. CIV-26-1549-R on July 16, 2026, for failure to state a claim. *See Marler v. United States*, No. CIV-26-1549-R, Doc. 7 (W.D. Okla. July 16, 2026).

granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In conducting this review, the Court accepts Plaintiff's allegations as true and construes them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "The complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. Discussion.

### A. *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims.

Plaintiff's claims relate solely to his criminal case. Before a plaintiff may proceed in a federal civil action for damages based on an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order," or officially "declared invalid." *Heck*, 512 U.S. at 486-87; *see Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("*Heck* applies to *Bivens* actions.").

Plaintiff has not alleged or proven that the Court has reversed or invalidated his conviction or sentence. And, as noted, Plaintiff's § 2255 motion to vacate is still pending before Judge Wyrick. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasizing that habeas corpus is the exclusive remedy for prisoners who "seek to invalidate the duration of their confinement"). So *Heck* bars Plaintiff from proceeding with this action. Based on this bar, the undersigned recommends the Court dismiss the complaint for failure to state a claim upon which relief may be granted. *See, e.g.*, *Archilta v. Oklahoma*, 123 F. App'x 852, 857 (10th Cir. 2005) ("Since Archilta's claims necessarily imply the invalidity of his convictions and he cannot demonstrate that his convictions

have already been invalidated, the district court properly held that the claims must be dismissed pursuant to 28 U.S.C. § 1915[] for failure to state a claim.").

**B. Plaintiff cannot sue Defendant Coyle under *Bivens* because he is not a federal actor.**

Ordinarily a court's dismissal of a plaintiff's claims under *Heck* is without prejudice to reassertion if a plaintiff later meets the *Heck* conditions.[3] But here Plaintiff's claims also fail because Defendant Coyle is not a federal actor subject to suit under *Bivens*. And Plaintiff cannot overcome this deficiency even if Judge Wyrick later decides to set aside his conviction.

A *Bivens* action provides a remedy for victims of alleged constitutional violations by federal government officials in their individual capacities. *See Bivens*, 403 U.S. at 397 (holding the petitioner had stated a claim and was "entitled to recover money damages for any injuries he [had] suffered as a result of the [government] agents' violation of the [Fourth] Amendment"). "To state a *Bivens* action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors." *Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991). A criminal defense attorney is not a federal actor. *See, e.g.*, *Stouffer v. Eulberg*, No. CIV-09-320-C, 2009 WL 1803955, at *2 (W.D.

[3] *See, e.g.*, *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (holding dismissal under *Heck* should be without prejudice in case a plaintiff is "later successful in overturning [their] conviction").

Okla. June 24, 2009) ("As a private attorney, Mr. Eulberg would not be considered a 'federal actor' even if the Court were to credit all of the allegations in the complaint. Because Mr. Eulberg was not a federal actor, he cannot incur civil liability under *Bivens*." (first citing *Allred v. McCaughey*, 257 F. App'x 91, 93 (10th Cir. 2007) (holding that a defense attorney, appointed by a federal court, is not considered a "federal officer" for purposes of a *Bivens* action), then citing *Hairabedian v. Berger*, No. 91-1309, 1991 WL 275638, at *1 (10th Cir. Dec. 20, 1991) (upholding dismissal of a *Bivens* claim against a private attorney because he is not a "federal actor"))). So Plaintiff's claims against Defendant Coyle—who is a private defense attorney—are not cognizable in this case and the Court should dismiss them with prejudice. *See Madden v. Madden*, 683 F. App'x 685, 686 (10th Cir. 2017) ("Mr. Madden's *Bivens* claim fails because [the defendant] is not a federal official.").

### C. Conclusion.

Even if Plaintiff could satisfy the *Heck* conditions, he fails to state a claim for relief against his former defense counsel who is not a federal actor. So the Court should dismiss this action with prejudice.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss the complaint in its entirety.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 6, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 15th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE